Morton B. Silberman, J.
This is an article 78 proceeding .to annul respondents’ determination discontinuing petitioner’s medical assistance grant. Said determination was made after a “ fair hearing.”
Respondent Lavine made his determination before the fair hearing minutes were transcribed, and thereby violated the mandate of section 358.18 of the Regulations of the New York State Department of Social Services that a “ fair hearing decision shall be made and issued * * * on the basis of the hearing record ” (18 NYCRR 358.18; Cruz v. Lavine, 45 A D 2d 720; Patton v. Sugarman, N. Y. L. J., Nov. 30, 1973, p. 16, col. 2). As the Appellate Division, Second Department, observed in Cruz v. Lavme (supra, p. 720): “ Were it not (called into question by respondents, we would' think it beyond dispute .that a decision could not be rendered properly by the Commissioner of the State agency on the basis of evidence elicited at a hearing before another person, when the Commissioner had not heard or read an exact rendition of the testimony at the hearing. A review of a hearing is not accomplished by a review of notes taken during the hearing ” (emphasis added).
Moreover, respondent Lavine neglected to pass upon petitioner’s claim .that he made a timely request for a fair hearing and was, therefore, entitled to have his benefits continued pending the fair hearing and decision (18 NYCRR 358.8). The only evidence contained in the record in connection with the foregoing claim is petitioner’s hearsay testimony that on December 26, 1973 his wife telephoned a number specified fo.r that purpose by .respondents in their notice of intent to discontinue benefits and requested a fair hearing, but that respondents failed to respond to such telephone Call. Although not submitted to the hearing officer at the time of the fair hearing, petitioner has submitted to the court a bill issued by the New York Telephone Company which clearly indicates that a call was placed' from petitioner’s telephone to the telephone number specified by .respondents at 11:00 a.m., ion December 27, 1973. The hearing minutes are barren of ¡any testimony or other evidence ¡to refute petitioner’s aforesaid testimony.
Under the circumstances, upon the record in its present state, any finding that petitioner did not make a timely request for a fair hearing would be unsupportable. However, respondent Lavine’s answer indicates that there might be some evidence *172 available tending to refute petitioner’s claim. Accordingly, respondent Lavine may, if so advised, order a new ¡hearing on that issue ¡so that all the relevant facts will be before the court in the event further review becomes necessary.
The determination herein is annulled, and the matter is remitted to respondent Lavine for such further proceedings as are not inconsistent with the views expressed herein.